UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL

VERSUS                                                       NO. 10-27-JWD-EWD

DONALD RAY FRANK

### ORDER

This matter is before the Court on a *Motion for Sentence Reduction Pursuant to* 18 U.S.C. § 3582(c) filed by Defendant, Donald Ray Frank ("Defendant").[1] The Government opposes this motion and defendant has filed a reply.[2] For the following reasons, the motion is denied.

### I.   Background

Defendant is currently incarcerated at the United States Penitentiary Beaumont ("Beaumont USP") in Beaumont, Texas. Defendant is serving a life sentence. The Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming that his medical conditions coupled with the risk of severe illness from COVID-19 and the fact that there have been substantial changes in the law since his conviction are "extraordinary and compelling" reasons to reduce his sentence.[3]

### II.  Law & Analysis

#### a.  Standard of Review

Section 3582(c)(1)(A) "authorize[s] a sentence reduction where: (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (3) such a reduction is appropriate

---

[1] R. Doc. 178.
[2] R. Docs. 183 and 190.
[3] R. Doc. 178.

'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'"[4] Before seeking relief from the court, a defendant must first submit a request to the facility's warden where he is housed to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait 30 days from the warden's receipt of his request.[5] The Government does not argue that Defendant failed to exhaust.

Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that may merit compassionate release. The Sentencing Commission, however, has the authority to "promulgate general policy statements ... that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[6] Extraordinary and compelling reasons include the defendant's medical circumstances, old age, family circumstances, whether the defendant is a victim of abuse, "other reasons," and whether he is serving an unusually long sentence.[7]

Even if a defendant demonstrates extraordinary and compelling reasons warranting release, the Court must still consider the § 3553(a) sentencing factors to determine if release is appropriate.[8] If the sentencing factors counsel against release, the district court has discretion to deny compassionate release.[9] Because the sentencing factors in this case dictate against release, the Court pretermits discussion of the first two requirements under § 3582(c)(1)(A) and decides the matter on the third requirement, finding that a reduction in the sentence is not appropriate after considering the § 3553(a) factors.

---

[4] *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).
[5] 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020).
[6] *United States v. Williams*, No. 3:18-CR-0291-B-2, 2021 WL 1865005, at *2 (N.D. Tex. May 10, 2021) (quoting *Shkambi*, 993 F.3d at 391).
[7] *See* U.S.S.G. § 1B1.13(b).
[8] *Shkambi*, 993 F.3d at 393 ("[t]he district court…is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a).").
[9] *United States v. Jackson*, 27 4th 1088, 1089 (5th Cir. 2022).

### b. § 3553 Factors Counsel Against Release

The Court need not reach whether each of the circumstances for relief urged by Defendant—which include the risks posed by COVID-19, the reduction of statutory penalties for his offense by the First Step Act, the reduction of the sentencing guidelines, his rehabilitation, his age, and the fact that he has served a significant period of incarceration—constitute extraordinary reasons because Defendant's application fails independent of §1B1.13(b) considerations.

Because the § 3553(a) factors must independently support a sentencing reduction, if those factors do not support a reduction, then Defendant's request fails, even if he has demonstrated extraordinary and compelling reasons.[10] Further, it does not appear the Court is precluded from considering the § 3553(a) factors prior to considering whether extraordinary and compelling reasons exist.[11] Here, consideration of the § 3553(a) factors dictate that Defendant's request be denied.

The factors the Court has considered in making this determination are as follows:

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
**(2)** the need for the sentence imposed--
    **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    **(B)** to afford adequate deterrence to criminal conduct;
    **(C)** to protect the public from further crimes of the defendant; and
    **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner….[12]

---

[10] The § 3553(a) factors offer "an alternative basis for denying relief." *United States v. McFadden*, No. 20-40801, 2022 WL 715489, at *3 (5th Cir. 2022) (citing *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020)).
[11] *Booth v. United States*, No. 14-39, 2022 WL 10585551, at *2 (S.D. Miss. Oct. 18, 2022) (addressing the sentencing factors as the first part in the analysis considering a compassionate release motion).
[12] 18 U.S.C. § 3553(a); *United States v. Bolton*, No. 09-166, 2024 WL 1966448, at *9 (E.D. La. May 3, 2024).

Defendant was convicted of a very serious crime involving a 14-kilogram cocaine deal and was involved with a large-scale and violent drug dealer in South Baton Rouge. Defendant was also in criminal history category V due to his extensive criminal history, which included five convictions for drug offenses and convictions for attempted murder and false imprisonment.[13]

Despite having seven children, Defendant never had much contact with them and was estranged from the rest of his family. The contact he did have with his children appears to have been harmful, as he relayed that his children wished to participate in the drug trafficking trade, he was teaching the drug business to his son, and considered offering his own daughter up as collateral for a drug deal because both parties were concerned that the other would cheat or run off with either the money or cocaine. Defendant's last legitimate job was years prior to his arrest and lasted only a few months; he reported that he quit because he "did not want to work anymore." Defendant also never accepted responsibility for his offense or expressed any remorse during the pendency of the prosecution.

Finally, releasing Defendant now would undermine the seriousness of the life sentence and offenses, as he has only served 13 years. Such a departure from the sentence imposed would not promote respect for the law, provide just punishment, or deter others from committing similar crimes. Accordingly, Defendant's Motion seeing compassionate release will be denied, as the sentencing factors weigh against granting compassionate release.

---

[13] Defendant's criminal history spans decades and includes numerous convictions.

### III. Conclusion

For the above and foregoing reasons,

**IT IS ORDERED** that the Defendant's Motion[14] is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Consideration of Motion for Compassionate Release[15] and Motion to Appoint Counsel[16] are **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on August 21, 2024.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[14] R. Doc. 178.
[15] R. Doc. 192.
[16] R. Doc. 194.